UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE PATRICK GANT,

    Plaintiff,

v().                                     Case No. 8:23-cv-1751-CEH-CPT

MANATEE COUNTY CENTRAL JAIL,

    Defendant.
_____/

**ORDER**

Plaintiff, a prisoner in the custody of the Manatee County Jail (MCJ), initiated this action by filing a civil rights complaint (Doc. 1). Plaintiff alleges that on March 11, 2023, his rights under the Fourth, Eighth, and Fourteenth Amendments were violated when he was beaten by four officers at MCJ. He seeks monetary damages and unspecified injunctive relief.

After examining the complaint in accord with 28 U.S.C. § 1915(e)(2)(B)[1], the Court concludes the complaint must be dismissed because it fails to state a claim upon which relief may be granted. MCJ, the only named defendant (*see* Doc. 1 at 6), is not a legal entity amenable to suit. *See Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir.

---

[1] The Court construes Plaintiff's failure to pay the filing fee as a request to *proceed in forma pauperis*. A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint. . .fails to state a claim upon which relief may be granted. . . . 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law."). Accordingly, because Plaintiff seeks relief from a party that cannot be sued under Florida law, he fails to state a claim upon which relief may be granted, and the complaint must be dismissed. *See Reyle v. Clay Cnty. Jail*, 2018 WL 2197782, at *1 (M.D. Fla. May 14, 2018) (dismissal without prejudice warranted when only named defendant was the jail).

Moreover, Plaintiff is pursuing the same action against the four officers in another case in this Court. *See Gant v. Vega, et al.*, Case No. 8:23-cv-1525-SDM-JSS (M.D. Fla.). Plaintiff may not simultaneously litigate duplicative actions in two separate cases in this Court. *See Russell v. Secretary, Fla. Dep't of Corr.*, 2019 WL 4138399, at *1 (11th Cir. 2019) (unpublished) (noting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 917-818 (1976) clarifies "that federal courts have the inherent administrative power to dismiss duplicative litigation").

Plaintiff's civil rights complaint (Doc. 1) is **DISMISSED**. The Clerk is directed to close this case.

**ORDERED** in Tampa, Florida, on September 22, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*